IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES DOLIS, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case Number: 2019 CV 03890 |
| ) | |
| CITY OF CHICAGO, POLICE OFFICER ) | |
| ANTHONY WRONKOWSKI, ) | |
| POLICE OFFICER KAZMIERSKI, ) | |
| POLICE OFFICER KARYN MURPHY, ) | |
| THOMAS J. DART, Sheriff of Cook County, ) | |
| COOK COUNTY, ILLINOIS, and ) | |
| DR. DIMITRIOS PATRIANAKOS, ) | |
| ) | |
| Defendants. ) | |

**CORRECTED COMPLAINT**

**COUNT I**

**EXCESSIVE FORCE**

Plaintiff, JAMES DOLIS, by and trough his attorney James J. Macchitelli, alleges against the Defendants, CITY OF CHICAGO, POLICE OFFICER ANTHONY WRONKOWSKI, and POLICE OFFICER KAZMIERSKI, and states as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff, James Dolis, is a resident of the Northern District of Illinois.

3. Defendant, City of Chicago, is an Illinois municipal corporation and is joined in this action as the potential indemnifier.

4. Defendant, Police Officer Anthony Wronkowski (Star # 20666), was at times relevant acting under color of law and acting under his office as a Chicago police officer.

5. Defendant, Police Officer Kazmierski (Star # Unknown), was at times relevant acting under color of law and acting under his office as a Chicago police officer.

6. On or about August 13, 1998, it is believed that Defendants Wronkowski and Kazmierski sought to place plaintiff under arrest and transported Plaintiff to the Grand and Central Police Station. Plaintiff has been unable to determine who caused his injury as his requests for police records have not been complied with.

7. At the Grand and Central Police Station while Plaintiff was in custody, it is believed that Defendants Wronkowski and Kazmierski and three other unknown Chicago Police officers used excessive and unreasonable force or failed to stop the physical beatings suffered by Plaintiff and caused Plaintiff to incur serious permanent personal injuries. Plaintiff has been unable to determine who caused his injury as his requests for police records have not been complied with.

8. As a result of the above described use of excessive and unreasonable force, Defendants, Wronkowski and Kazmierski, and three other unknown Chicago Police officers, caused or failed to prevent Plaintiff to have been deprived of rights secured by the Fourth and Fourteenth Amendments.

9. Plaintiff has been incarcerated since September 21, 1998, and released on January 18, 1999, and incarcerated again from February 11, 1999 through June 9, 2017, when he was released from custody.

10. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained

according to proof at the time of trial.

11. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered against Defendants, Wronkowski and Kazmierski and three other unknown Chicago Police officers in an amount for compensatory and punitive damages in excess of one million dollars, and an amount for reasonable attorney's fees and costs, and, hold both jointly and severally liable. Plaintiff also requests that a declaratory judgment issue that Defendant, City of Chicago, is liable, as the indemnifier, for any award of compensatory damages against Defendants, Wronkowski and Kazmierski.

## COUNT II

## THEFT OF PROPERTY

Plaintiff, JAMES DOLIS, by and trough his attorney James J. Macchitelli, alleges against the Defendants, CITY OF CHICAGO, POLICE OFFICER ANTHONY WRONKOWSKI, and POLICE OFFICER KARYN MURPHY, and states as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff, James Dolis, is a resident of the Northern District of Illinois.

3. Defendant, City of Chicago, is an Illinois municipal corporation and is joined in this action as the potential indemnifier.

4. Defendant, Police Officer Anthony Wronkowski (Star # 20666), was at times relevant acting under color of law and acting under his office as a Chicago police officer.

5. Defendant, Police Officer Karyn Murphy, n/k/a Captain Murphy, was at times

3

relevant acting under color of law and acting under his office as a Chicago police officer.

6. On or about February 10, 1999, it is believed that Plaintiff was at 5660 West Grand Avenue, Chicago, Illinois and that there Defendants Wronkowski and Murphy sought to place Plaintiff under arrest, but, Defendants had no valid warrant for Plaintiff's arrest and Plaintiff left that scene.

7. Plaintiff had recently purchased a 1979 Chevy Blazer and Plaintiff was at 5660 West Grand Avenue with his truck taking out post and replacing the posts to put up new privacy fence for the land owner.

8. When Plaintiff walked away from the Defendants the Defendants got in Plaintiff's truck and drove it to the Grand and Central Chicago Police Station.

9. When Plaintiff returned for his truck, he was told by people in the area that the Defendants - Police Officer Wronkowski and Police Officer Murphy had taken his truck.

10. During the evening of February 10, 1999, Plaintiff and his brother went to Grand and Central Chicago Police Station and Plaintiff saw his truck in the rear parking lot and inquired in the police station as to how he could get his truck back as his truck possessed and had Plaintiff's numerous expensive tools.

11. Upon Plaintiff's inquiry about his truck, Plaintiff was told by an officer to return the next day to get his truck as there was no paperwork and no one was present who had knowledge about his truck. Plaintiff left the Grand and Central Police Station and Plaintiff did not go to his home at 3340 North Kilpatrick Avenue, Chicago, Illinois 60641, Plaintiff went to a friend Roman's house.

12. The following day, on February 11, 1999, Plaintiff was arrested at Roman's house

and remained incarcerated through June 9, 2017.

13. The Defendants' conduct has amounted to a deprivation of the rights without due process of law.

14. Defendants' conduct was deliberate, willful, in bad faith and under color of law, and, therefore, it is in violation of 42 U.S.C. § 1983.

15. Defendants' conduct was deliberate, willful, in bad faith and under color of law, and, therefore, it is in violation of 42 U.S.C. § 1983.

16. Plaintiff has incurred and will incur substantial attorney's fees, costs and expenses in connection with this lawsuit by reason of the unlawful acts of the Defendants. Accordingly, Plaintiff is entitled to the award of attorney's fees, costs and expenses pursuant to the provisions of 42 U.S.C. §1988.

17. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered against Defendants, Wronkowski and Murphy in an amount for compensatory damages in the amount of Twenty-Thousand Dollars, and an amount for reasonable attorney's fees and costs, and, hold both jointly and severally liable. Plaintiff also requests that a declaratory judgment issue that Defendant, City of Chicago, is liable, as the indemnifier, for any award of compensatory damages against Defendants, Wronkowski and Murphy.

## COUNT III

## INADEQUATE MEDICAL CARE

Plaintiff, JAMES DOLIS, by and trough his attorney James J. Macchitelli, alleges against the Defendants, THOMAS J. DART, Sheriff of Cook County, COOK COUNTY, ILLINOIS, and

DR. DIMITRIOS PATRIANAKOS, and states as follows:

1. This is a civil action arising under 42 U.S.C. §1983; the jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff James Dolis is a resident of the Northern District of Illinois. Plaintiff was an inmate and incarcerated from February 11, 1999, through June 9, 2017, and during that time was held at Cook County Jail. Plaintiff is not presently confined in any jail or penal institution.

3. Defendant, Thomas J. Dart, Sheriff of Cook County, is sued in his official capacity.

4. Defendant, Cook County, Illinois, is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003) and may be liable for the policies alleged herein.

5. Defendant, Dr. Dimitrios Patrianakos, was at all times relevant a physician employed by defendant Cook County to provide health care services at the Cook County Department of Corrections at Cermak Health Services.

6. From January 26, 2016 through December 7, 2016, Plaintiff was an inmate at the Cook County Department of Corrections, Plaintiff suffered constant discomfort from severe congestion in his right nostril and constant tearing from a swollen right eye.

7. Plaintiff made written requests for medical care for his severe congestion in his right nostril and constant tearing from his swollen right eye. Plaintiff was seen three times by Defendant, Dr. Dimitrios Patrianakos, and each time Defendant, Dr. Dimitrios Patrianakos, dilated Plaintiff's eye and looked at Plaintiff's eye with a scope and provided Plaintiff with eye

drops and stated there was nothing wrong.

8. In December of 2016, Plaintiff was transferred to Stateville Correction Center and he was attacked by another inmate and was taken to see an ENT at Stroger Hospital for a punctured ear drum. Plaintiff explained he was having problems with right nostril and right eye. The ENT gave Plaintiff a nasal spray and because the infection in his right nostril continued , after six weeks a CT scan was ordered.

9. Plaintiff was made to wait two and one-half months for the CT scan, and when the CT scan was done in March of 2017, Plaintiff's condition was diagnosed as stage 3 cancer.

10. The ophthalmologist that examined Plaintiff three times in 2016 is believed to be Dr. Dimitrios Patrianakos, but, because Plaintiff's demand for police records and medical records has not been complied with by Defendants, Plaintiff has been unable to determine if the ophthalmologist that treated him at Cermak Health Services was Dr. Dimitrios Patrianakos but believes it was Dr. Dimitrios Patrianakos.

11. The ophthalmologist that treated Plaintiff, who is believed to be Dr. Dimitrios Patrianakos, refused to order any diagnostic tests and failed to order that Plaintiff undergo CT scan or MRI, and did not take any action other than to prescribe some eye drops to Plaintiff.

12. All of 2016, Plaintiff remained in discomfort from infection in and severe congestion in right nostril and Plaintiff experienced constant tearing from right swollen eye, but, his requests and demands for treatment were ignored by Cook County Department of Corrections and its personnel.

13. In March of 2017, while seeing a treating doctor at Stroger Hospital for injuries sustained by a beating from an inmate, Plaintiff convinced the ENT specialist that his severe

right nasal congestion had continued and his right eye continued to tear and remained swollen was serious and Plaintiff needed a CT scan

14. As part of a widespread practice at the Cook County Department of Corrections, Plaintiff's complained about adverse condition was needlessly ignored and Plaintiff remained with constant discomfort from right nasal congestion and constant tearing from swollen right eye for more than one year before a treating doctor at Stroger Hospital recommended and demanded a CT scan.

15 After two and one-half month wait, in March of 2017, certain diagnostic tests were performed on Plaintiff and it was discovered that Plaintiff was suffering from Stage 3 squamous cell cancer of the maxillary sinus.

16. Plaintiff remained at the Jail until June 9, 2017; during this period, plaintiff receive treatment for his cancer by surgical intervention, radiation and chemotherapy.

17. Following his release from the Jail on June 9, 2017, Plaintiff continued to receive treatment for his cancer by surgical intervention, radiation and chemotherapy.

18. The failure of County of Cook, Thomas Dart (in his official capacity as the Sheriff of Cook County), Cermak Health Services of Cook County, the ophthalmologist believed to be Dr. Dimitrios Patrianakos to provide adequate medical care or allow for the provision of adequate medical care caused Plaintiff undue and unnecessary pain and suffering, facial disfigurement, and mental anguish, as well as further injury.

19. The misconduct described by these defendants in this Count was undertaken under color of law and constituted cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution.

20. As a result of the foregoing, Plaintiff was deprived of his rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States, and was required to endure great pain and suffering, facial disfigurement, and suffered other personal injuries.

21. Plaintiff hereby demands trial by jury.

WHEREFORE Plaintiff requests that damages be awarded against all defendants in an amount in excess of one million dollars, and that the Court whatsoever other relief as may be appropriate.

Respectfully submitted,

*/s/ James J. Macchitelli*

James J. Macchitelli

Attorney Number: 6208773 - Illinois
James J. Macchitelli
Attorney for Plaintiff
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
847-414-4532
Jimmymacclaw@gmail.com